# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

C6 CAPITAL FUNDING, LLC, a Utah limited liability company,

    Plaintiff,

v.

KELVIN B. SCRIBNER and LYNETTE J. SCRIBNER, husband and wife, Washington residents,

    Defendants.

No. 3:19-cv-01874-MO

**STIPULATION AND PRELIMINARY INJUNCTION ORDER**

## STIPULATION

Plaintiff C6 Capital Funding, LLC ("C6 Capital") and Defendants Kelvin and Lynette Scribner stipulate as follows:

    A.    Defendants own real property in Hood River, Oregon commonly known as 1280 Alameda Road, Hood River, Oregon 97031 (the "Real Property"), which is legally described on Appendix A of this Order. Defendant Kelvin Scribner represents he qualifies for an Oregon homestead exemption for the Real Property.

    B.    Defendants seek to sell the Real Property to Bill & Jill Gray 2016 Trust or its assigns ("Buyer") for approximately $1,500,000.00 (such sale, the "Sale"). Defendants believe that after payment of encumbrances against the Real Property and closing costs, there will be approximately $20,000 in remaining proceeds from the Sale.

*Stipulation and Preliminary Injunction Order -1*
*(3:19-cv-01874-MO)*

This Stipulation provides the terms under which C6 consents to the Sale and the distribution of its proceeds.

## ORDER

1. Defendants are authorized to sell the Real Property, and must distribute the Sale proceeds at closing through escrow in the following order:

   a. To First Interstate Bank to pay for any Deeds of Trust recorded against the Real Property for which First Interstate Bank is a beneficiary;
   b. To tax encumbrances against the Real Property, if any;
   c. To customary sale and closing costs;
   d. To Defendants in an amount of no more than $40,000;
   e. The remaining proceeds, if any, to C6.

2. Other than the Sale, Defendants shall not transfer any interest in the Real Property by sale, lease, assignment, encumbrance, pledge, grant of security interest, or other disposition (collectively, a "Transfer") unless there is (i) a further Order of this Court authorizing the Transfer; (ii) Defendants obtain written consent of Plaintiff's counsel to a Transfer; or (iii) the Transfer pays in full all encumbrances identified in Paragraph 1(a) and 1(b) above and sale proceeds are distributed as identified in Paragraph 1.

3. Defendants shall not impair the value of the Real Property either by acts of destruction or by failure to care for the Real Property in a reasonable manner.

4. This Order shall remain effective until further Order of this Court or until dismissal of this action, whichever comes first.

IT IS SO ORDERED.

THIS ____ DAY OF December, 2019.

_____
MICHAEL W. MOSMAN
Chief United States District Judge

Appendix A

Real Property Legal Description

Commencing at an iron bar set in the ground at a point on the line between the land formerly owned by Lee Morse and what was formerly the land of John Sipma, and which bar and point of beginning is situated 20.83 chains North and 10 chains, more or less, East of the quarter section corner on the South boundary of Section 3, Township 2 North of Range 10 East of the Willamette Meridian, in the County of Hood River and State of Oregon; thence running North along the line between the East and West halves of the Northwest quarter of the Southeast quarter of said Section, being the line between the lands formerly owned by said Lee Morse and the lands formerly owned by the John Sipma, 9.47 chains, more or less, to the South side of a 20 foot road heretofore dedicated for the use of the owners of what is known as the John Sipma tract; thence running West along the South line of said road 20.80 chains, more or less, to the Northeast corner of what was formerly known as I.C. Nealeigh's land; thence running South along the said I.C. Nealeigh's East line 9.47 chains, more or less, to the Northwest corner of the lands formerly owned by Jane Bishop; thence running East along the North line of said Jane Bishop land and the lands formerly owned by A.J. Emerson, 20.80 chains, more or less, to the iron bar and point of beginning.

TOGETHER WITH The following described tracts of land as described in Bargain and Sale Deed recorded February 4, 2009, as Microfilm No. 200900389, Records of Hood River County, Oregon;

Tract 1

That portion of Parcel 3 of those tracts conveyed to Alpha to Omega, LLC by deed recorded February 27, 2004, as Instrument No. 20040775, Hood River Deed Records, that lies Southerly of the following described line: Beginning at a brass disc found at the South quarter corner of Section 3, Township 2 North, Range 10 East of the Willamette Meridian, in the County of Hood River and State of Oregon; thence North 01°24'34" East, a distance of 2656.33 feet to an iron pipe found at the Center quarter corner of said Section 3; thence South 01°24'27" West, a distance of 644.08 feet to a ½ inch iron rod with yellow cap marked "WYEAST LS 2393" and the true point of beginning; thence South 89°44'03" East, a distance of 630.37 feet to a similar iron rod; thence continuing South 89°44'03" East, a distance of 30.01 feet to the East line of the West half of the West half of the Southeast quarter of said Section 3.

Tract 2

That portion of Parcel 1 of those tracts conveyed to Alpha to Omega, LLC by deed recorded February 27, 2004, as Instrument No. 20040775, Hood River Deed Records, that lies Southerly of the following described line: Beginning at a brass disc found at the South quarter corner of Section 3, Township 2 North,

Range 10 East of the Willamette Meridian, in the County of Hood River and State of Oregon; thence North 01°24'34" East, a distance of 2656.33 feet to an iron pipe found at the Center quarter corner of said Section 3; thence South 28°16'12" West, a distance of 729.67 feet to a ½ inch iron rod with yellow cap marked "WYEAST LS 2393" and the rue point of beginning; thence South 89°47'01" East a distance of 329.77 feet to a similar iron rod.

Tract 3

That portion of Parcel 2 of those tracts conveyed to Alpha to Omega, LLC by deed recorded February 27, 2004, as Instrument No. 20040775, Hood River Deed Records, that lies Southerly of the following described line: Beginning at a brass disc found at the South quarter corner of Section 3, Township 2 North, Range 10 East of the Willamette Meridian, in the County of Hood River and State of Oregon; thence North 01°24'34" East, a distance of 2656.33 feet to an iron pipe found at the Center quarter corner of said Section 3; thence South 28°16'12" West, a distance of 729.67 feet to a ½ inch iron rod with yellow cap marker "WYEAST LS 2393" and the true point of beginning; thence North 89°47'01" West, a distance of 329.33 feet to a similar iron rod.

Parcel 2:

Beginning at the South one-quarter corner of Section 3, Township 2 North, Range 10 East of the Willamette Meridian, in the County of Hood River and State of Oregon; thence East along the South line of said Section 3, a distance of 333.3 feet of the Southwest corner of that tract of land conveyed to Warren E. Davenport et ux., by deed recorded in Book lettered L at page 187, Deed Records Hood River County; thence North 1° East along the West line of said Davenport tract of land 1,350 feet to the North line of that tract of land conveyed to A. J. Emerson by deed from John Sipma, recorded in Book lettered I at page 273, Deed Records Hood River County, for the point of beginning of the land herein conveyed; thence West along the North line of said Emerson tract of land 722 feet to the Northeast corner of that tract of land conveyed to Jane A. Bishop, by deed recorded in Book lettered F at page 533, Deed Records Hood River County; thence South 1°02' West along the East line of said Bishop tract of land 225 feet to the center of Indian Creek; thence Easterly along the center of said Indian Creek to a point in the West line of the aforesaid Davenport tract of land from which the above point of beginning of the tract herein conveyed bears North 1° East; thence North 1° East along the West line of said Davenport tract of land a distance of 312 feet to the point of beginning.

Parcel 3:

All that portion of the following described tract lying Easterly of the center line of the Farmers Irrigating Company Ditch:

Beginning at a point in the West line of the East half of the Southwest quarter of Section 3, Township 2 North, Range 10 East of the Willamette Meridian, in the County of Hood River and State of Oregon, that is 680 feet South of the

Northwest corner of the East half of the Southwest quarter of said Section 3, which point of beginning is 20 feet South of the Southwest corner of that tract of land conveyed to J.P. Barnet et ux., by deed recorded February 25, 1902, in Book 33 at page 324, Deed Records Wasco County (Book lettered I at page 598, Deed Records Hood River County) and at which said Barnet corner was set a rock marked with an "X" on its Southwest face; thence East parallel with and 20 feet South of the South line of said Barnet tract of land a distance of 607.2 feet to the West line of that tract of land conveyed to Christian D. Nickelsen by deed recorded November 15, 1902, in Book 35 at page 1, Deed Records Wasco County (Book lettered J at page 72, Deed Records Hood River County); thence South parallel with the West line of the East half of the Southwest quarter of said Section 3, being along the West line of said Nickelsen tract of land, a distance of 625 feet, more or less; to the Northeast corner of that tract of land conveyed to Harry D. Steele by deed recorded May 4, 1906, in Book 41, at page 595, Deed Records Wasco County (Book lettered H at page 313 Deed Records Hood River County); thence West along the North line of said Steele tract of land a distance of 607.2 feet to the West line of the East half of the Southwest quarter of said Section 3; thence North along the West line of the East half of the Southwest quarter of said Section 3 a distance of 625 feet, more or less, to the place of beginning.

ND: 22956.004 4835-5786-7182v1